**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG DISPLAY CO., LTD.,<br><br>    Defendants. | Case No. 2:19-cv-00252-JRG-RSP<br>(LEAD CASE) |
| ULTRAVISION TECHNOLOGIES, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>BARCO NV,<br><br>    Defendant. | Case No. 2:19-cv-00253-JRG-RSP |

**MOTION TO RESCHEDULE AND ALIGN MARKMAN PROCEEDINGS**

Defendants Samsung Electronics Co., Ltd., Samsung Display Co., Ltd. ("Samsung"), and Barco NV ("Barco") (collectively, "Defendants") respectfully move the Court for an order rescheduling the *Markman* hearing (currently scheduled for August 19, 2020) and related dates in this case. Because all but one of the asserted patents in this case are also asserted against defendants in the consolidated action *Ultravision Technologies, LLC v. GoVision, LLC*, C.A. No. 2:18-cv-100-JRG-RSP (the *"GoVision* case"), Samsung and Barco ask the Court to continue the *Markman* hearing in the *GoVision* case (currently scheduled for May 22, 2020), and conduct a consolidated *Markman* hearing at a later date for all of the overlapping patents. Doing so will

allow all of the parties subject to the commonly asserted patents to meaningfully participate in the *Markman* proceedings and present the Court with relevant evidence as part of a single proceeding.  To Defendants' understanding, the defendants in the *GoVision* case do not oppose this motion; Plaintiff Ultravision Technologies, LLC ("Ultravision") has stated that it opposes a consolidation of *Markman* proceedings.

**I.      BACKGROUND**

Before the Court are numerous cases filed by Ultravision against various defendants. These cases involve overlapping asserted patents, but are on different tracks.

***The Samsung/Barco cases.***  On July 22, 2019, Ultravision filed actions against Samsung asserting U.S. Patent Nos. 9,916,782, 9,978,294, 9,984,603, 9,990,869, 9,642,272, 9,047,791, and 8,870,410, and against Barco, asserting U.S. Patent Nos. 9,916,782, 9,978,294, 9,984,603 and 9,990,869 (collectively, the "Patents-in-Suit").  Ultravision acknowledged in the Civil Cover Sheets that the cases against Samsung and Barco are related to the cases that are now consolidated in the *GoVision* case.  *See, e.g.,* Dkt. 1-1.

On December 19, 2019, the Court issued an order consolidating the Samsung and Barco cases for pretrial purposes.  Dkt. 26.  On January 28, 2020, the Court held a Scheduling Conference for Samsung and Barco at which it scheduled a *Markman* hearing for **August 19, 2020**.

***The GoVision cases.***  All the Patents-in-Suit apart from the '410 patent are also asserted against various defendants in the consolidated *GoVision* case.  The *GoVision* case is a consolidation of matters filed in 2018 that were companion cases to an investigation before the International Trade Commission (Inv. 337-TA-1114).  Those cases were initially stayed pending the completion of the ITC case. When Ultravision withdrew its complaint prior to trial in the

ITC, this Court lifted the stay against the *GoVision* defendants, and the cases were ultimately consolidated.[1]

Although it appears that not all of the *GoVision* defendants have been served, the Court entered a Docket Control Order on June 27, 2019. *See* 2:18-cv-100, Dkt. 90.  On October 15 2019, the Court entered an Amended Docket Control Order as to Defendants Shenzhen Absen Optoelectronic Co., Ltd., Absen, Inc., Prismaflex International, S.A., Shenzhen Prismatronic China Electronic Technology Ltd. Co., NEC Corporation, NEC Display Solutions, Ltd., NEC Display Solutions Europe, GmbH and S[quadrat], GmbH only.[2]  *See* 2:18-cv-100, Dkt. 142. Pursuant to Amended Docket Control Order, the *Markman* hearing in the *GoVision* case is scheduled for **May 22, 2020**.[3]

***The Ledman Case***.  Ultravision is also asserting the '791, '272, '782, '294, '603, and '869 patents against Ledman Optoelectronic Co. Ltd.  *See Ultravision Technologies, LLC v. Ledman Optoelectronic Co. Ltd.*, C.A. 2:18-cv-101.  Although the *Ledman* case was filed around the time as the other *GoVision* actions, it appears to be on yet another track.  The *Markman* hearing in the *Ledman* case is scheduled for **July 29, 2020**.  *See* C.A. 2:18-cv-101, Dkt. 44.

---

[1] Ultravision previously sued Barco in this Court and the ITC on the '782 patent, but withdrew both complaints after Barco disclosed an early version of the accused Barco products that predated the operative priority date.

[2] On December 17, 2019, the Court entered an order dismissing NEC Corporation, NEC Display Solutions, Ltd., NEC Display Solutions Europe, GmbH and S[quadrat], GmbH.  *See* 2:18-cv-100 Dkt. 186.

[3] While Ultravision has also sued Yaham, one of the defendants in the *GoVision* cases, on the '410 patent (among others), this Court has severed that portion of the case against Yaham from the consolidated *GoVision* cases.  *See* 2:18-cv-100 Dkt. 183.

The claim construction deadlines in the *GoVision*, *Samsung/Barco*, and *Ledman* cases are now as follows:

| Event | *GoVision* Deadline | *Samsung/Barco* Deadline | *Ledman* Deadline |
|---|---|---|---|
| Comply with P.R. 4-1 (Exchange Proposed Claim Terms) | January 23, 2020 | April 24, 2020 | April 8, 2020 |
| Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) | February 20, 2020[4] | May 13, 2020 | April 22, 2020 |
| Comply with P.R. 4-3 (Joint Claim Construction Statement) | March 5, 2020 | June 3, 2020 | May 6, 2020 |
| Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) | April 2, 2020 | June 24, 2020 | June 3, 2020 |
| Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any) | April 16, 2020 | July 8, 2020 | June 17, 2020 |
| Comply with P.R. 4-5(b) (Responsive Claim Construction Brief) | May 1, 2020 | July 22, 2020 | July 1, 2020 |
| Comply with P.R. 4-5(c) (Reply Claim Construction Brief) | May 7, 2020 | July 29, 2020 | July 8, 2020 |
| Comply with P.R. 4-5(d) (Joint Claim Construction Chart) | May 14, 2020 | August 5, 2020 | July 15, 2020 |
| Claim Construction Hearing – in Marshall, Texas before Judge Roy Payne | May 22, 2020 | August 19, 2020 | July 29, 2020 |

---

[4] On February 12, 2020, the parties moved the Court to extend this deadline from February 13, 2020. *See* 2:18-cv-100 Dkt. 199.

## II.  ARGUMENT

The Court is now scheduled to hold three separate *Markman* hearings between May and August 2020 on overlapping patents: May 22, 2020 (*GoVision*); July 29, 2020 (*Ledman*); and August 19, 2020 (*Samsung/Barco*).  The disparity in deadlines regarding the same subject matter precludes Samsung and Barco from presenting evidence and meaningfully participating in the earlier *Markman* proceedings, the decisions from which will directly impact Samsung and Barco.

The Samsung/Barco *Markman* hearing cannot simply be consolidated with the *GoVision Markman* hearing on May 22, 2020.  The Court just held a Scheduling Conference on January 28, 2020, and Ultravision sought an extension of time to serve its infringement contentions for Samsung and Barco to January 28, 2020 as well.  Along with its infringement contentions, Ultravision produced over 40,000 documents, including tens of thousands of pages of materials produced in earlier Ultravision litigations.  Samsung and Barco are reviewing these materials and determining what information may be outstanding, and are in the early stages of assessing the state of the art of the asserted technology, all of which will inform the parties' claim construction positions.  Simply, Samsung and Barco cannot meaningfully prepare for a May 22, 2020 *Markman* hearing.

Samsung and Barco further submit that three *Markman* hearings on the same patents is an inefficient use of the Court's resources.  Because of differences in the accused products across all of Ultravision's cases, each defendant may raise *Markman* issues that are unique to their particular products.  As a result, Samsung and Barco (and possibly Ultravision) are likely to submit additional evidence supporting their claim construction positions and Ultravision's positions may in fact change from one case to another.  The Court should have the opportunity to

consider all of the all of the issues and all of the evidence pertaining to the construction of the Patents-in-Suit before it issues an order.

Ultravision will not be prejudiced by an order continuing the *GoVision Markman* proceedings and consolidating them with Samsung and Barco. Ultravision filed the *GoVision* cases in 2018, and it has been subject to a stay and adjustments to the Docket Control Order. Ultravision itself has expressed a desire to consolidate proceedings on common patents. For example, in its Joint Motion to Consolidate Cases, Ultravision moved the Court for an order de-consolidating the *Yaham* case from the Samsung/Barco case on the grounds that *Yaham* had already been severed from the *GoVision* case.[5] Ultravision told the Court that, unlike the *Yaham* case, which related to "lighting" patents, the Samsung/Barco case "relate[s] predominantly to Ultravision's display patent portfolio that is also the subject of the consolidated GoVision cases in 2:18-cv-00100." Dkt. 41. Ultravision further stated that it was making the motion to "achieve the efficiencies associated with consolidating multiple cases over related patents." *Id*.

Ultravision recognizes the need and efficiencies associated with consolidating proceedings on related patents. There will be no benefit to serial *Markman* hearings on the Patents-in-Suit but, on the other hand, it will be highly prejudicial to Samsung and Barco if the

---

[5] The patents that were severed in *Yaham* relate to Ultravision's "lighting" patents, U.S. Patent Nos. 8,870,410, 8,870,413, 9,734,738 and 9,947,248. *See* Order Granting Motion to Sever, 2:18-cv-00100, Dkt. 183. Ultravision also asserted certain of its "display patents" against Yaham, and it appears that Yaham remains a consolidated defendant in the *GoVision* case with respect to those display patents. The '410 patent has also been asserted against Samsung. Ultravision has separately sued Holophane Europe Limited on the '410 patent and the '413 patent (Case No. 2:19-cv-00291) and Unilumin (Case No. 2:18-cv-00116) on the '410 patent. Samsung has no objection to the current *Markman* date being retained under any circumstances for the '410 patent, and is not suggesting that the '410 patent *Markman* be consolidated with *Markman* proceedings for the overlap patents.

6

Court issues a *Markman* decision without providing Samsung and Barco an opportunity to meaningfully participate in the *Markman* briefing and hearing.

Accordingly, Samsung and Barco request an order from the Court continuing the May 22, 2020 *GoVision Markman* hearing and the July 29 Ledman *Markman* hearing, and setting a consolidated *Markman* hearing later in summer 2020, allowing Samsung and Barco sufficient time to meaningfully participate in the claim construction proceedings.

Should the Court choose not to consolidate the *Markman* proceedings as discussed above, Samsung and Barco ask that the Court hold off on issuing its *Markman* order in the *GoVision* cases until claim construction briefing is complete in the Samsung/Barco cases, to ensure that the Court has all of the relevant briefing available when it construes the disputed claim terms.  If the Court wishes to proceed in that fashion, Samsung and Barco suggest that the parties be instructed to meet-and-confer on earlier dates for claim construction briefing, to avoid any delays in the consolidated *GoVision* cases.

### III.     CONCLUSION

Given the many overlapping actions Ultravision has filed, and the different schedules at issue, counsel for Samsung and Barco would welcome a hearing, telephonic or in person, to discuss with the Court how best to address these issues.

Dated: February 18, 2020 Respectfully Submitted,

*/s/ Eric C. Rusnak*
Eric C. Rusnak (DC Bar 491254)
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
1200 17th Street, NW
Washington, DC 20036
Telephone (202) 663-8000
Facsimile (202) 663-8007
eric.rusnak@pillsburylaw.com

Ranjini Acharya, *pro hac vice*
**PILLSBURY WINTHROP SHAW PITTMAN LLP**
2550 Hanover Street
Palo Alto, CA 94304
Telephone (650) 233-4500
Facsimile: (650) 233-4545
ranjini.acharya@pillsburylaw.com

***Counsel for Defendant Barco NV***


*/s/ Melissa R. Smith (with permission)*
Melissa R. Smith
**GILLAM & SMITH, LLP**
TX State Bar No. 24001351
303 S. Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Samuel L. Brenner
**ROPES & GRAY LLP**
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 951-7500
Facsimile: (617) 951-7050
Samuel.Brenner@ropesgray.com

Steve Pepe
Alexander Middleton
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000

Facsimile: (212) 596-9090
Steven.Pepe@ropesgray.com
Alexander.Middleton@ropesgray.com

David S. Chun
**ROPES & GRAY LLP**
1900 University Avenue
East Palo Alto, CA 94303-2284
Tel: 650-617-4000
Fax: 650-617-4090
David.Chun@ropesgray.com

Allen S. Cross
**ROPES & GRAY LLP**
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
Allen.Cross@ropesgray.com

*ATTORNEYS FOR DEFENDANTS*
*SAMSUNG ELECTRONICS CO., LTD. AND*
*SAMSUNG DISPLAY CO., LTD.*

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on February 18, 2020, a true and correct copy of the foregoing was served on all attorneys of record via CM/ECF.

>                                     */s/  Eric C. Rusnak*
>                                     Eric C. Rusnak